UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:  Chapter 11

Motif Diamond Designs, Inc.,  Case No. 20-40285

    Debtor.  Hon. Phillip J. Shefferly
_____/

### ORDER DENYING CONFIRMATION
### OF DEBTOR'S SUBCHAPTER V SMALL BUSINESS PLAN

On October 26, 2020, the Court entered an order that extended the deadline for the Debtor to file a plan and set the confirmation hearing for December 4, 2020 at 11:00 a.m. On November 17, 2020, the Debtor filed a subchapter V small business plan of reorganization ("Plan") (ECF No. 114). On November 24, 2020, Southland Center, LLC ("Southland") filed an objection ("Objection") (ECF No. 116). On December 3, 2020, the Debtor filed a response (ECF No. 118) to the Objection.

After hearing arguments at the hearing, the Court denied confirmation of the Plan. The Court explained that § 1191(a) of the Bankruptcy Code states that the Court shall only confirm a subchapter V chapter 11 plan "if all the requirements of section 1129(a) . . . are met." Section 1129(a)(1) states that the Court shall only confirm a chapter 11 plan if the "plan complies with the applicable provisions of this title[.]" The Court

found that the Plan does not comply with § 365(d)(4)(A) of the Bankruptcy Code. Here's the reason why.

When the Debtor filed this case on January 8, 2020, the Debtor was a tenant in nonresidential real property located at 23000 Eureka Road, Taylor, Michigan ("Premises") under an unexpired lease ("Lease") with Southland. Under § 365(d)(4)(A), the Lease was deemed rejected on May 7, 2020 because it was not assumed by the Debtor within 120 days from the filing of the Debtor's chapter 11 petition. Section 365(d)(4)(A) provides that when an unexpired lease of nonresidential real property is deemed rejected, "the trustee shall immediately surrender that real property to the lessor[.]" The lessor is Southland. At the time of the rejection of the Lease, there was no trustee in this case. Under § 1107(a) of the Bankruptcy Code, the Debtor, as debtor in possession, had the powers and duties of a trustee under § 365. Under § 365(d)(4)(A), the Debtor had a duty to immediately surrender the Premises to Southland once the Lease was rejected. Notwithstanding that duty, the Plan provides for the Debtor to continue to occupy the Premises until March 1, 2021. In that respect, the Plan does not comply with § 365(d)(4)(A) and therefore fails to meet the requirement of § 1129(a)(1). As a result, the Plan cannot be confirmed under § 1191(a).

Because the Court found at the hearing that the Plan cannot be confirmed because it fails to comply with § 365(d)(4)(A), the Court does not reach, and does not express any view about, the other arguments raised in the Objection.

- 2 -

20-40285-pjs    Doc 122    Filed 12/04/20    Entered 12/04/20 16:09:16    Page 2 of 3

Accordingly, for the reasons set forth on the record at the hearing and in this order,

**IT IS HEREBY ORDERED** that the Debtor's request for confirmation of the Plan (ECF No. 114) is denied.

**Signed on December 4, 2020**



/s/ Phillip J. Shefferly

Phillip J. Shefferly
United States Bankruptcy Judge